**LEVI & KORSINSKY, LLP**
Eduard Korsinsky (EK-8989)
55 Broadway, 10th Floor
New York, New York 10006
Tel.: (212) 363-7500
Fax: (212) 363-7171
Email: ek@zlk.com

*Attorneys for Lead Plaintiff Charles M. Francisco III,*
*Plaintiff Wayne County Employees' Retirement System,*
*and Lead Counsel for the Class*

[Additional Counsel on Signature Page]

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID KANEFSKY, Individually and On Behalf of All Others Similarly Situated, | Civ. No. 2:18-15536-WJM-SCM |
| Plaintiff, | **PLAINTIFFS' MEMORANDUM OF LAW IN REPLY AND FURTHER SUPPORT OF MOTION TO CONSOLIDATE; AND OPPOSITION TO DEFENDANTS' CROSS-MOTION TO STAY THE *WAYNE COUNTY* CASE** |
| v. | |
| HONEYWELL INTERNATIONAL INC., DARIUS ADAMCZYK, and THOMAS A. SZLOSEK, | **Motion Day: July 1, 2019** |
| Defendants. | |
| WAYNE COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually | Civ. No. 2:19-cv-12542-WJM-SCM |

and On Behalf of All Others Similarly
Situated,

        Plaintiff,

    v.

HONEYWELL INTERNATIONAL INC.,
DARIUS ADAMCZYK, and THOMAS A.
SZLOSEK,

        Defendants.

## <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION ..................................................................................1

II.   ARGUMENT.........................................................................................2

     A.   Defendants Ignore Routine Securities Fraud Class Action Procedure and Relevant Case Law. ...................................................................2

     B.   Plaintiffs Are Protecting the Interests of Unnamed Class Members By Adding Wayne County as an Additional Plaintiff. ...............................3

III.  CONCLUSION.....................................................................................7

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*In re Advanced Battery Techs., Inc. Sec. Litig.*,
  No. 11 Civ. 2279 (CM), 2012 U.S. Dist. LEXIS 123757 (S.D.N.Y. Aug. 29, 2012)
  .................................................................................................................4

*China Agritech, Inc. v. Resh*,
  138 S. Ct. 1800 (2018) .............................................................. 1, 4, 5

*Dole v. Arco Chem. Co.*,
  921 F.2d 484 (3d Cir. 1990) ...................................................................6

*Hildebrand v. Allegheny Cty.*,
  923 F.3d 128 (3d Cir. 2019) ...................................................................5

*Institutional Inv'rs Grp. v. Avaya, Inc.*,
  564 F.3d 242 (3d Cir. 2009) ...................................................................3

*In re Lucent Techs., Inc. Sec. Litig.*,
  221 F. Supp. 2d 472 (D.N.J. 2001)........................................................4

*Mullin v. Balicki*,
  875 F.3d 140 (3d Cir. 2017) ...................................................................5

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*,
  229 F.R.D. 395 (S.D.N.Y. 2004)............................................................4

*In re Portal Software Sec. Litig.*,
  No. C-03-5138 VRW, 2005 U.S. Dist. LEXIS 41178 (N.D. Cal. Mar. 9, 2005) ..4

*Takata v. Riot Blockchain, Inc.*,
  No. 18-2293 (FLW) (TJB), 2018 U.S. Dist. LEXIS 189585 (D.N.J. Nov. 6, 2018)
  .................................................................................................................2

*In re Valeant Pharm. Int'l, Inc. Sec. Litig.*,
  No. 15-7658 (MAS) (LHG), 2018 U.S. Dist. LEXIS 191439 (D.N.J. Nov. 7, 2018)
  .................................................................................................................2

*Van Noppen v. Innerworkings, Inc.*,
  136 F. Supp. 3d 922 (N.D. Ill. 2015)......................................................4

**Statutes**

15 U.S.C. §78u-4(b)(1) .............................................................................6

## I.     INTRODUCTION

Plaintiffs' request for consolidation should be granted and Defendants' cross-motion to stay should be denied. As demonstrated in Plaintiffs' opening brief, the *Kanefsky* and *Wayne County* actions are substantially similar. They are both securities fraud matters, they both arise from Defendants' statements about Honeywell's asbestos-related liability, and they both rely on the company's correspondence with the SEC to prove scienter. Moreover, Defendants admit that both actions are "in large part, identical." The case law on this issue (which Defendants entirely fail to address in their brief) shows that consolidation is appropriate and that Plaintiffs' motion should be granted.

Instead of addressing the merits of the motion under Rule 42, Defendants spend over a dozen pages accusing Plaintiffs of engaging in a "strategic gambit" to amend their complaint without satisfying the requirements of Rule 15. Defendants are wrong. Plaintiffs have ***already*** moved to amend under Rule 15 in the *Kanefsky* action and, as Defendants admit, the amended pleading in the *Kanefsky* action and the complaint in the *Wayne County* action are "in large part, identical." If Plaintiffs were truly trying to cheat Rule 15 as Defendants claim, they would not have filed the motion for leave to amend in the first place. The fact of the matter is that Plaintiffs filed this motion for consolidation in line with the guidance provided by the Supreme Court in *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800 (2018). In that case, the Supreme Court encouraged unnamed class members to participate in the action in order to help protect the rights of the class as a whole. That is what Wayne County is doing here.

Allowing Plaintiffs to consolidate and amend would not only be correct legally, but also practically. If Plaintiffs' pending motions were granted, then an amended complaint could be filed and the Court could evaluate Plaintiffs' allegations against the complete, current factual record. Defendants' proposed

1

course of action would result in something entirely different and grossly inefficient. It makes no sense to defer consideration of Plaintiffs' amended or consolidated complaint, especially given the Third Circuit's policy of deciding cases on the merits and the early procedural posture of this case.

## II. ARGUMENT

### A. Defendants Ignore Routine Securities Fraud Class Action Procedure and Relevant Case Law.

For all of Defendants' complaints about procedure, they ignore that consolidation and amendment are routine in securities fraud actions. Plaintiffs cited half a dozen cases in their opening brief showing that consolidation is routine in securities fraud lawsuits where, like here, the allegations substantially overlap. Opening Br. at 5, 7 (citing, for example, *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 15-7658 (MAS) (LHG), 2018 U.S. Dist. LEXIS 191439, at *7 (D.N.J. Nov. 7, 2018), and *Takata v. Riot Blockchain, Inc.*, No. 18-2293 (FLW) (TJB), 2018 U.S. Dist. LEXIS 189585, at *5-6 (D.N.J. Nov. 6, 2018)). In opposition, Defendants addressed precisely ***zero*** of these cases and failed to even attempt to explain why they do not apply under the circumstances at hand.

Instead, Defendants spent over a dozen pages accusing Plaintiffs of engaging in "gamesmanship." Answering Br. at 7, 10, 14. They argue strenuously that Plaintiffs' motion for consolidation is nothing but an attempt to cast aside the procedural requirements of Rule 15 and amend the pleadings for a third time without first seeking permission to do so. *Id*. at 1-2, 5-7. Defendants' argument fails. The fact of the matter is that Plaintiffs ***already*** moved for leave to amend the operative complaint and that the *Wayne County* action is substantially "identical" to Plaintiffs' proposed amended pleading in the *Kanefsky* action. Defendants concede this important point in their brief on two separate occasions. *Id*. at 4 ("The *Wayne County* Complaint is, in large part, identical to Lead Plaintiff's proposed Second Amended

2

Complaint, with only some minor additional content."), 14 ("As Defendants pointed out in their opposition to Lead Plaintiff's motion for leave to amend, the *Wayne County* Complaint contains very few departures from Lead Plaintiff's proposed Second Amended Complaint.").

Given that the *Wayne County* complaint is "in large part, identical" to the pending amended complaint in the *Kanefsky* action, Defendants are wrong to accuse Plaintiffs of violating Rule 15.

**B.    Plaintiffs Are Protecting the Interests of Unnamed Class Members By Adding Wayne County as an Additional Plaintiff.**

What Defendants describe as a "strategic gambit" is nothing more than Plaintiffs' attempt at receiving a decision on the merits in an important securities fraud action with billions of dollars in classwide damages. Answering Br. at 1. A securities fraud action under Section 10(b) of the Exchange Act and SEC Rule 10b-5 requires, in pertinent part, for the plaintiff to prove a material "misstatement or an omission" about a security that was made with "scienter." *Institutional Inv'rs Grp. v. Avaya, Inc.*, 564 F.3d 242, 251-52 (3d Cir. 2009) (internal quotations omitted). The element of "scienter" can be established by proving that the defendants knew their statements were false at the time they were made or deliberately disregarded the risk of misleading investors by making the statements. *See id*. at 267-68.

Plaintiffs have the facts they need to make their case at the pleading stage. Honeywell represented to investors that its asbestos-related liability was one number when, in reality, it was three times as much. *Kanefsky* at ¶5; *Wayne County* at ¶5. Honeywell also knew that its representations were materially misleading at the time they were made, as evidenced the company's correspondence with the SEC. *Kanefsky* at ¶¶128-39; *Wayne County* at ¶¶154-66. Where, as here, internal documents show that the defendants knew their public statements were false, a

3

plaintiff will easily be able to "fortify" his or her allegations that "defendants' statements . . . were knowingly or recklessly false." *Avaya*, 564 F.3d 268-69.

Plaintiffs obviously have a strong case on the merits. Defendants therefore should not be surprised to see Plaintiffs taking further steps to protect their claims on behalf of the unnamed class under Rule 23 and applicable case law. By consolidating the *Wayne County* and *Kanefsky* actions, Plaintiffs are adding Wayne County as an "additional plaintiff" in order to ensure that the class is adequately protected over the course of the litigation and, importantly, during class certification proceedings. *See*, *e.g.*, *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 420 (S.D.N.Y. 2004) (additional plaintiffs "help to ensure that adequate resources and experience are available to the prospective class" and provide "the substantial benefits of joint decision-making"); *In re Lucent Techs., Inc. Sec. Litig.*, 221 F. Supp. 2d 472, 483 (D.N.J. 2001) (appointing co-lead plaintiffs provides "additional representation [that] may benefit the class and provide flexibility, if needed, in the future").

Contrary to Defendants' arguments, plaintiffs in securities fraud actions do not violate the PSLRA simply by adding "additional plaintiffs" to a complaint. For example, "[l]ead plaintiffs can cure standing deficiencies by adding an additional plaintiff who purchased securities later in the putative class period." *Van Noppen v. Innerworkings, Inc.*, 136 F. Supp. 3d 922, 931 (N.D. Ill. 2015) (collecting cases); *accord In re Advanced Battery Techs., Inc. Sec. Litig.*, No. 11 Civ. 2279 (CM), 2012 U.S. Dist. LEXIS 123757, at *64-65 (S.D.N.Y. Aug. 29, 2012) (allowing plaintiff to name additional plaintiff in order to show standing to assert claims). Similarly, lead plaintiffs "may bring in additional plaintiffs for the purpose of satisfying the requirements of FRCP 23." *In re Portal Software Sec. Litig.*, No. C-03-5138 VRW, 2005 U.S. Dist. LEXIS 41178, at *8 (N.D. Cal. Mar. 9, 2005).

The Supreme Court's decision in *China Agritech, Inc. v. Resh*, *supra*, supports Plaintiffs' motion. In that case, the Supreme Court recommended and even encouraged plaintiffs to participate in the action at an early stage in order to help protect the rights of the class. "Indeed, multiple filings may aid a district court in determining, early on, whether class treatment is warranted, and if so, which of the contenders would be the best representative. And sooner rather than later filings are just what Rule 23 encourages." *Id*. at 1811 (citations omitted). By moving to consolidate the *Wayne County* and *Kanefksy* actions, Plaintiffs are attempting to comply with the Supreme Court's guidance.

Defendants inaccurately quote *China Agritech* in their brief. Instead of acknowledging the true import of the decision, Defendants quote the case in such a way that it gives the impression that the Supreme Court would disapprove of Wayne County entering the litigation. Answering Br. at 13. To the contrary, the Supreme Court held that it only disapproved of plaintiffs "enter[ing] the fray" years after the action was commenced and only after the statute of limitations had lapsed. *China Agritech*, 138 S. Ct. at 1802-03. In this instance, the Supreme Court would unquestionably support Wayne County serving as an "additional plaintiff" by entering the litigation as early as possible so as to help protect the rights of unnamed class members.

### C.    Defendants, Not Plaintiffs, Are Delaying a Decision on the Merits by Engaging in Lengthy Motion Practice Over Noncontroversial Procedural Issues.

The overarching flaw in Defendants' arguments, not just in response to this motion but also in response to Plaintiffs' motion for leave to amend, is that they fail to appreciate the significance of the "general policy embodied in the Federal Rules favoring resolution of cases on their merits." *Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017); *accord Hildebrand v. Allegheny Cty.*, 923 F.3d 128, 132 (3d Cir.

5

2019) ("We too have repeatedly acknowledged that 'dismissals with prejudice or defaults are drastic sanctions' that 'must be a sanction of last, not first, resort.'"). Plaintiffs' proposed amended complaint and the *Wayne County* complaint, which Defendants agree are "in large part, identical," contain the entirety of the factual record at this point.[1] If Defendants are intent on moving to dismiss this case under Rule 12(b)(6), the Court should evaluate Plaintiffs' claims based upon the entire record so as to properly allow for a decision on the merits of this action. *See Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990) ("lenient standard" behind Rule 15(a) "ensures that 'a particular claim will be decided on the merits than on technicalities'").

Plaintiffs' motions, if granted, would allow the parties and the Court to adhere to this policy of favoring decisions on the merits. The *Kanefsky* and *Wayne County* cases would be consolidated, Plaintiffs would file an amended complaint containing the full factual record, and then Defendants could respond accordingly. If they move to dismiss, the Court could then evaluate Plaintiffs' allegations under the applicable pleading standards and either dispose of the action in its entirety or advance the case into discovery.

By contrast, Defendants' proposed course of action would result in piecemeal decisions and additional delay from successive motions to dismiss and additional briefing. Defendants would have the Court first decide their pending motion to dismiss while all other motions are either denied without prejudice or held in abeyance. If the motion to dismiss is granted, Defendants would then have the Court determine whether Plaintiffs deserve leave to amend, decide a second motion to

---

[1] Plaintiffs' investigation remains ongoing. Depending on whether they uncover further information in support of their allegations, this information would of course be included in any future amended pleading(s) pursuant to the PSLRA. *See* 15 U.S.C. §78u-4(b)(1) (requiring plaintiffs to "state with particularity all facts" supporting allegations of falsity).

dismiss, and finally determine whether the *Wayne County* action could proceed (which would inevitably lead to yet a third motion to dismiss). While Defendants complain at length about the "costs" and "expenses" they have incurred because of Plaintiffs' motions (Answering Br. at 10, 13-14), their proposed course of action would only add to those costs as well as increase the amount of time already wasted.

## III.   CONCLUSION

Plaintiffs respectfully request that the Court consolidate the *Kanefsky* and *Wayne County* actions and allow Plaintiffs to file a consolidated complaint so that the actions can proceed in an orderly manner going forward.

Dated: June 24, 2019                    **LEVI & KORSINSKY, LLP**

                                         s/ Eduard Korsinsky
                                        Eduard Korsinsky (EK-8989)
                                        55 Broadway, 10th Floor
                                        New York, New York 10006
                                        Tel.:  (212) 363-7500
                                        Fax:  (212) 363-7171
                                        Email: ek@zlk.com

                                        -and-

                                        Nicholas I. Porritt (*pro hac vice* forthcoming)
                                        Adam M. Apton (admitted *pro hac vice*)
                                        1101 30th Street NW, Suite 115
                                        Washington, DC 20007
                                        Tel: (202) 524-4290
                                        Fax: (202) 333-2121
                                        Email: nporritt@zlk.com
                                        Email: aapton@zlk.com

                                        *Attorneys for Lead Plaintiff Charles M. Francisco III, Plaintiff Wayne County Employees' Retirement System, and Lead Counsel for the Class*

7